CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
KEVIN HA, CA Bar No. 322252
kevin.ha@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:  415-442-4810
Facsimile:   415-442-4870

Attorneys for Defendant
GATE GOURMET, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA NOEMI BAUTISTA DIAZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GATE GOURMET, INC., and DOES 1 through 25, inclusive,<br><br>　　　　Defendant. | Case No.  2:21-cv-03273<br><br>**DEFENDANT GATE GOURMET, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed:  March 15, 2021<br>Trial Date:　　 None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF ALICIA NOEMI BAUTISTA DIAZ AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Gate Gourmet, Inc. ("Defendant") hereby removes the above-captioned action filed by Plaintiff Alicia Noemi Bautista Diaz ("Plaintiff") from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. § § 1332, 1441, and 1446 on the grounds that there is complete diversity of citizenship between Plaintiff, a citizen of the state of California, and the Defendant, a citizen of the states of Delaware and Virginia; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. § 1332(a); and that the foregoing facts were true at the time that the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below on the following grounds:

## I.    THE STATE COURT ACTION

A.    This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441.  This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, insofar as Plaintiff is a citizen of the state of California and Defendant is a citizen of the states of Delaware and Virginia.

B.    On March 15, 2021, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, case number 21STCV10054, entitled *Alicia Noemi Bautista Diaz v. Gate Gourmet, Inc.*  The Complaint alleges eleven causes of action: disability discrimination under the Fair Employment & Housing Act ("FEHA"), failure to engage in a good faith interactive process under FEHA, failure to accommodate under FEHA, retaliation under FEHA, failure to prevent discrimination and/or retaliation under FEHA, violation of the California Family

Rights Act ("CFRA"), retaliation under CFRA, violation of Labor Code §1102.5, violation of Labor Code § 6310, violation of Labor Code § 98.6, and wrongful termination in violation of public policy.

C. Plaintiff served Defendant on March 17, 2021, with a copy of the Summons, Complaint, and case management and ADR documents. True and correct copies of the documents served on Defendant and any other documents filed in the Los Angeles County Superior Court are attached as **Exhibit A**. A true and correct copy of the Notice of Filing of Removal to be filed in the Los Angeles County Superior Court hereafter is attached as **Exhibit B**. Exhibits A and B comprise all of the pleadings and papers known by Defendant to be on file or to be filed hereafter in the Superior Court.

## II. REMOVAL IS TIMELY

A. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.")

B. Here, the Summons and Complaint (and accompanying case management and ADR documents), are the only pleadings served by Plaintiff in this matter. Defendant was served with these pleadings by personal service on March 17, 2021. Defendant filed this notice within 30 days after service and less than one year after commencement of this action. Thus, removal is timely and proper pursuant to 28 U.S.C. § 1446(b), (c) and Rule 6 of the Federal Rules of Civil Procedure.

III.     **A PROPER BASIS EXISTS FOR REMOVAL BASED ON DIVERSITY OF CITIZENSHIP**

    A.     This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

    B.     **Plaintiff is a Citizen of California.** For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile). Here, Defendant is informed and believes that Plaintiff is a citizen of the State of California. This belief is based on the allegations in Plaintiff's Complaint that she is a resident of California. (Complaint, ¶ 1.)

    C.     **Defendant is a Citizen of Delaware and Virginia.** Defendant is a Delaware corporation. (Declaration of Elaine Dray ("Dray Decl."), ¶ 2.) Defendant has its principal place of business in Virginia. (Dray Decl., ¶ 2.) Virginia is where Defendant's officers direct, control, and coordinate its activities. The Reston, Virginia corporate office is Defendant's principal place of business and primary permanent base of operations where Defendant's senior management and high-level executives manage the company's executive and administrative operations, including operations relating to administration of company-wide policies and procedures, legal affairs, human resources, and general business operations. (Dray Decl., ¶ 2.)

    D.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…." The United States Supreme Court has established the proper test for determining a corporation's

principal place of business for purpose of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination…." *Id.*

E.   Defendant is not a California corporation or headquartered in California. (Dray Decl. ¶ 2.) Accordingly, Defendant is not a citizen of the State of California. As such, complete diversity of citizenship exists in this matter.

F.   **The Citizenship of "Doe Defendants" Must Be Disregarded.** The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

G.   **The Amount in Controversy Exceeds the Sum of $75,000.** Defendant only needs to establish by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional minimum.[1] *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980-81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW,

---

[1] By estimating the amount that Plaintiff may recover if she prevails, Defendant does not concede that Plaintiff will prevail on any of her claims or, if she prevails, that she is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

H. Based on Plaintiff's allegations in the Complaint, the amount in controversy in the instant case is more likely than not to exceed the sum of $75,000, as set forth more specifically below:

1. <u>Economic Damages</u>. Plaintiff seeks damages for lost wages, fringe benefits, and job benefits. (Complaint ¶¶ 27, 36, 45, 52, 60, 67, 75, 84, 95, 108, 115, prayer.) She claims that she "has lost and will continue to lose income and benefits" and that she has "suffered and will continue to suffer a loss of earnings and other employment benefits" thereby alleging past and future lost wages. (Complaint ¶¶ 67, 75, 84, 95, 108.) Plaintiff also seeks damages for past and future medical expenses. (Complaint ¶¶ 26, 35, 44, 51, 59, 114, prayer.) Plaintiff alleges that Defendant informed her that it was terminating her employment on or about February 18, 2020. (Complaint ¶¶ 6, 11.) Plaintiff initiated this action on March 15, 2021 and served Defendant on March 17, 2021. Based on data from "Comparison of Districts Within the Ninth Circuit – 12-Month Period Ending September 30, 2018," accessible from the United States District Courts' official website, the median time from filing to trial in a civil matter pending in this court was 21 months.[2] The COVID-19 pandemic has necessarily extended the median time from filing to trial beyond 21 months.[3] Still, calculating just 21 months from the filing of this Complaint on March 15, 2021, a trial date would be in approximately December 2022, at the earliest. The elapsed time between Plaintiff's alleged termination of employment in or about February 2020 (Complaint ¶ 11) and a trial date in December 2022 would be approximately 34

---

[2] The URL for the webpage at which the caseload data has been published is *https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-september-2018*.

[3] For example, per a Notice from the Clerk dated March 19, 2021: "Until further notice, no jury trials will be conducted in civil cases." *See https://www.cacd.uscourts.gov/news/phased-reopening-court*.

1 months. As of February 2020, when Defendant allegedly terminated Plaintiff's
2 employment, Plaintiff's rate of pay was approximately $15.25 per hour. (Dray Decl.
3 ¶ 3.) On average, Plaintiff worked at least five shifts per week, for shifts over six hours
4 per shift. (Dray Decl. ¶ 3.) Based on 30 hours per week at $15.25 per hour, she earned
5 approximately $1,830.00 per month, making her alleged economic damages for past
6 lost wages only at the time of a December 2022 trial $62,220.00. This does not include
7 alleged future lost wages, or alleged past and future medical expenses.

        2.    <u>Emotional Distress</u>. Plaintiff seeks emotional distress damages. (Complaint ¶¶ 25, 34, 43, 50, 58, 68, 76, 83, 94, 107, 113, prayer.) While Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of [P]laintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy). Emotional distress damages can be substantial, and Plaintiff put at issue an amount exceeding $75,000. *See Trulsson v. County of San Joaquin District Attorney's Office*, 2014 WL 5472902 (E.D. Cal. 2014) (jury verdict in case involving claims for retaliation in violation of Title VII and the FEHA included $1,546,326 award for pain and suffering); and *Campbell v. Nat'l Passenger Railroad Corp.*, 2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a retaliation/wrongful termination case).

        3.    <u>Punitive Damages</u>. Plaintiff also seeks punitive damages. (Complaint, ¶¶ 29, 38, 47, 54, 62, 69, 77, 87, 98, 117, prayer.) For the purposes of removal, the amount in controversy may include punitive damages. *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Anthony v. Security Pac. Fin. Serv., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-87 (10th Cir. 1994); *see also Simmons v. PCR Tech.*, 209 F. Supp.2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the damages alleged in

plaintiff's complaint at the time of removal, which included past lost wages totaling $25,600, and unspecified amounts for future lost wages, medical expenses, emotional distress, punitive damages, and attorneys' fees, satisfied the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages," including emotional distress damages, attorney's fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction). Punitive damages may be substantial and in some cases even exceed the amount in controversy. *Lang v. Healthco Int'l Corp.*, 1986 WL 795038 (Fresno County, Cal. Superior Court 1986) (awarding $175,000 in punitive damages on a wrongful termination claim); *Chopourian v. Catholic Healthcare West*, 2012 WL 1551728 (E.D. Cal. 2012) (entering judgment following jury verdict, discussed at 2012 WL 767196; awarding $56,250,000 in punitive damages for employment-related claims, including wrongful termination and retaliation).

        4.    <u>Attorney's Fees.</u>  Plaintiff also claims she is entitled to attorney's fees. (Complaint ¶¶ 21, 28, prayer ¶ 3.) The Court may consider all attorney's fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case. *See Stokes v. Reeves*, 245 F.2d 700, 702 (9th Cir. 1957) (the amount claimed for attorney's fees pursuant to a statute allowing attorney's fees may be taken into account in determining whether the jurisdictional amount is involved); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 n.4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys fees likely to be incurred cannot be estimated at the time of removal"); *Simmons*, 209 F.Supp.2d at 1034-35 (stating that "the measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred" and noting that "attorney's fees cannot be precisely calculated" but

making projection of likely fees based on the court's "twenty-plus years' experience" overseeing similar cases).

An accepted method for determining attorney's fees is to award the plaintiff's attorney 25% of the individual recovery. Indeed, the Ninth Circuit has set 25% of recovery as the "benchmark" for recovery of attorneys' fees. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) (using a benchmark of 25 percent of the plaintiffs' recovery in class actions for the presumptive amount of attorneys' fees); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) (holding that attorneys' fees should be calculated at 25% of plaintiffs' recovery). In this case, if 25% of recovery is used as the presumptively reasonable amount for attorney's fees, the benchmark attorney's fee award for Plaintiff would equal approximately $15,555.00, if based upon her claim for past lost wages alone (which, as stated above, could amount to approximately $62,220.00). Plaintiff's alleged claim for damages related to past lost wages, combined with a reasonable estimate of Plaintiff's attorney's fees over the life of this case, easily surpasses the $75,000 jurisdictional limit.

5. <u>Penalties and Liquidated Damages</u>. Plaintiff also seeks penalties (including a $10,000 penalty) and liquidated damages. (Complaint, ¶¶ 106, prayer.)

## IV. <u>SATISFACTION OF PROCEDURAL REQUIREMENTS</u>

A. As required by 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles is located within the Central District of California. Therefore, venue is proper in this Court, pursuant to 28 U.S.C. § 84, because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

B. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the following Exhibits A and B, which contain copies of all process, pleadings, and orders served upon Plaintiff, Defendant, or the Court.

C.  As required by 28 U.S.C. § 1446(b), the original Notice of Removal was filed within 30 days after Defendant was served with a copy of the Complaint.

D.  As required by 28 U.S.C. § 1446(d), Defendant provided notice of this removal to Plaintiff through her counsel of record.

E.  As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, Defendant GATE GOURMET, INC. requests that the above action now pending in the Superior Court of California, County of Los Angeles, be removed therefrom to this Court. In the event the Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to supplement a more detailed brief outlining the basis for this removal.

DATED: April 15, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *s/ Cara F. Barrick*
    CARA F. BARRICK
    KEVIN HA
    Attorneys for Defendant
    GATE GOURMET, INC.

46772674.3