# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/15/2021 01:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
21STCV10054

| SHORT TITLE: Diaz v. Gate Gourmet, Inc. | CASE NUMBER 21STCV10054 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**Exhibit A-Page 2**

| SHORT TITLE: Diaz v. Gate Gourmet, Inc. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Exhibit A-Page 3

| SHORT TITLE: Diaz v. Gate Gourmet, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Diaz v. Gate Gourmet, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 6701 Imperial Hwy |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 3/15/2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exhibit A-Page 5

Electronically FILED by Superior Court of California, County of Los Angeles on 03/15/2021 01:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
21STCV10054
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Monica Bachner

Seung Yang (SBN 249857)
E-mail: *seung.yang@moonyanglaw.com*
Christopher L. Garcia (SBN 306082)
E-mail: *chris.garcia@moonyanglaw.com*
Edwin Kamarzarian (SBN 327830)
E-mail: *edwin.kamarzarian@moonyanglaw.com*
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128

Attorneys for Plaintiff
ALICIA NOEMI BAUTISTA DIAZ

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ALICIA NOEMI BAUTISTA DIAZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>GATE GOURMET, INC., a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 21STCV10054<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**<br>2. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br>3. **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**<br>4. **RETALIATION IN VIOLATION OF FEHA;**<br>5. **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION, AND/OR RETALIATION;**<br>6. **VIOLATION OF THE CFRA;**<br>7. **RETALIATION IN VIOLATION OF THE CFRA;**<br>8. **VIOLATION OF LABOR CODE § 1102.5;**<br>9. **VIOLATION OF LABOR CODE § 6310;**<br>10. **VIOLATION OF LABOR CODE §98.6;**<br>11. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br>[JURY TRIAL DEMANDED] |

**Exhibit A-Page 6**

1      COMES NOW Plaintiff Alicia Noemi Bautista Diaz for her Complaint against

2  Defendants Gate Gourmet, Inc. and DOES 1 through 25 (herein collectively referred to as

3  "Defendants"), and each of them, complains and alleges as follows:

4      **THE PARTIES**

5      1.     Plaintiff Alicia Noemi Bautista Diaz ("Plaintiff" or "Diaz") is, and at all relevant

6  times herein was, an individual residing in the County of Los Angeles, State of California.

7      2.     Plaintiff is informed and believes and thereon alleges that Defendant Gate

8  Gourmet, Inc. ("Defendant" or "Gate") is, and at all relevant times was, a Delaware corporation

9  that conducts business in the County of Los Angeles, State of California.

10      3.     Plaintiff is ignorant of the true names and capacities of those defendants sued as

11  DOES 1 through 25, inclusive, and, therefore, sues them under the fictitious names pursuant to

12  Code of Civil Procedure section 474. Plaintiff is informed and believes, and thereon alleges that

13  the DOES are in some manner or capacity and to some degree legally and proximately

14  responsible and liable for the damages in the Plaintiff's complaint. When the true names and

15  capacities of DOES 1 through 25 are determined, Plaintiff will amend this complaint to allege

16  the true names and capacities of such DOE defendants.

17      4.     Plaintiff is informed and believes and thereon alleges that each of the Defendants

18  was the agent, servant, employee, joint venturer, joint owner, joint tenant, community property

19  owner, guarantor and/or partner of each of the other co-Defendants, and in doing or failing to do

20  the things alleged herein, each co-Defendant was acting within the scope of authority conferred

21  upon that party by consent, approval and/or ratification of each of the other co-Defendants,

22  whether said authority was actual or apparent. "Defendants", as used herein, means each and all

23  of the Defendants, unless the context requires otherwise.

24      5.     Plaintiff is informed and believes and thereon alleges that Defendants' improper

25  conduct alleged herein occurred in the County of Los Angeles in the state of California.

26    //

27    //

28

## **GENERAL ALLEGATIONS**

6.     In or around 2017, Diaz was hired as a dish washer, a position Diaz would hold until her termination on or about February 18, 2020.

7.     In or around late-October 2019, Diaz was injured when another co-worker struck Diaz's hand with a heavy box. Diaz had previously made complaints to Gate about this co-worker striking her with objects, but Gate had failed to take any corrective action. Diaz reported the October 2019 injury to Gate which generated a report about the incident and sent Diaz to a doctor.

8.     Following this injury, Diaz had several follow up medical appointments at which she was issued a brace for her hand and given lifting restrictions. After being given these restrictions, Gate's supervisors told Diaz that her restrictions did not matter, and she would not be allowed to take time off for future medical appointments.

9.     During this time Diaz made several complaints about co-workers being drunk while on the job, acting aggressively, and being violent. Gate ignored these complaints as Diaz was informed that nothing would be done unless someone struck Diaz.

10.     In or around mid-February 2020, Diaz complained to Gate that another employee had thrown a bag at her. Diaz was immediately sent home after making the complaint. When Diaz asked why she was being sent home she was told it was due to her hand injury. Diaz was then told to wait to be called back to work.

11.     On or about February 18, 2020, Diaz was notified that Gate was terminating her employment.

12.     Diaz is informed and believes and thereon alleges that the Defendants terminated Diaz's employment in retaliation for being disabled, for taking time off of work because of her injuries/medical condition, for making complaints and/or for other discriminatory reasons.

13.     Defendants failed to go through a good faith interactive process with Diaz to determine effective reasonable accommodations before terminating her.

14.     Defendants also failed to accommodate Diaz's physical disability or perceived physical disability, and instead terminated her.

15.     Diaz suffered from a physical and/or mental disability as defined by the Fair Employment and Housing Act ("FEHA"). More specifically, Diaz suffered from, amongst other things, a hand/finger injury, including a contusion and related conditions which interfered with Diaz's major life activities, including but not limited to working. Diaz was a qualified individual with a disability because she was a disabled individual who could either with or without reasonable accommodations perform the essential functions of her job, or alternatively another job she was qualified for and desired. Diaz is accordingly entitled to the protections of FEHA.

16.     Alternatively, Diaz was perceived by Defendants as being physically and/or mentally disabled within the meaning of FEHA.

17.     Diaz is informed and believes and thereon alleges that at all times mentioned in this complaint, Defendants regularly employed 5 or more persons in the state of California, and therefore are accordingly subject to the provisions of FEHA.

18.     Diaz has duly complied with the requirements of the Fair Employment and Housing Act by filing charges of discrimination with the DFEH and obtaining the requisite "Right to Sue" notice.

19.     On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

20.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Diaz. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

//

//

**FIRST CAUSE OF ACTION**

**(Disability Discrimination in Violation of FEHA – Against All Defendants)**

21.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

22.     FEHA, codified in Government Code §§12900 *et seq.*, makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability(s).

23.     Plaintiff is informed and believes and thereon alleges, that by terminating Plaintiff from her position on the basis of her disability(s), failing to engage in the interactive process to determine if Plaintiff could be given a reasonable accommodation, failing to provide Plaintiff with a reasonable accommodation, and failing to enter into the interactive process with Plaintiff in a meaningful way, Defendants violated FEHA.

24.     Plaintiff is informed and believes and thereon alleges, that her disability(s) was a motivating factor in Defendants' decision to terminate Plaintiff's employment, and other discrimination against her, in violation of Government Code §12940(a)(m) and (n).

25.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

26.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to her damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

27.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

28.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to her damage in a sum according to proof.

29.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of her disability(s), thereby entitling Plaintiff to punitive damages.

## SECOND CAUSE OF ACTION

### (Failure to Engage in a Good Faith Interactive Process in Violation of FEHA – Against All Defendants)

30.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

31.     Plaintiff was physically and/or mentally disabled within the meaning of FEHA, all as aforepled.  Alternatively, Defendants perceived Plaintiff as being physically disabled.

32.     Government Code § 12940(n) requires an employer to engage in a good faith interactive process with a disabled employee to ascertain effective reasonable accommodations. The employer's failure to do so is a separate violation of FEHA.

33.     Plaintiff is informed and believes and thereon alleges that Defendants violated Government Code §12940(n) by failing to engage in said good faith interactive process with Plaintiff, by amongst other things, refusing to allow Plaintiff to return to work, by refusing to accommodate Plaintiff, and by instead terminating her.

34.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

35.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to her damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

36.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

37.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to her damage in a sum according to proof.

38.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of her disability(s), thereby entitling Plaintiff to punitive damages.

## THIRD CAUSE OF ACTION

### (Failure to Accommodate in Violation of FEHA – Against All Defendants)

39.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

40.     Plaintiff was physically and/or mentally disabled within the meaning of FEHA, all as aforepled.  Alternatively, Defendants perceived Plaintiff as being physically and/or mentally disabled.

41.     Government Code § 12940(m) requires an employer to provide reasonable accommodations to employees with known disabilities. The employer also has an affirmative duty to inform disabled individuals of other job opportunities and ascertain whether the employee is interested in, or qualified for said positions.

42.     Plaintiff is informed and believes and thereon alleges that Defendants and each of them independently violated FEHA by refusing to accommodate Plaintiff's disability or perceived disability, by amongst other things, refusing to allow Plaintiff to return to work, by refusing to accommodate Plaintiff, by refusing to allow Plaintiff to return to work with work

**Exhibit A-Page  12**

1  restrictions, by not advising Plaintiff of other open job opportunities that Plaintiff was qualified

2  to perform, and by instead terminating Plaintiff.

3       43.    As a proximate cause of Defendants' wrongful conduct as referenced above,

4  Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum

5  jurisdiction of the court and according to proof.

6       44.    As a further proximate result of Defendants' wrongful conduct as referenced

7  above, Plaintiff was required to and did seek medical attention, and will need to seek medical

8  attention in the future, all to her damage in a sum in excess of the minimum jurisdiction of the

9  court and according to proof.

10       45.    As a further proximate result of Defendants' wrongful conduct as referenced

11  above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in

12  excess of the minimum jurisdiction of the court and according to proof.

13       46.    As a further proximate result of Defendants' wrongful conduct as referenced

14  above, Plaintiff was required and did hire attorneys, all to her damage in a sum according to

15  proof.

16       47.    The above-referenced actions of all Defendants were done with malice, fraud or

17  oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code §

18  3294 and in violation of the public policy of California. Specifically, Defendants discriminated

19  Plaintiff because of her disability(s), thereby entitling Plaintiff to punitive damages.

20                  **FOURTH CAUSE OF ACTION**

21       **(Retaliation in Violation of FEHA – Against All Defendants)**

22       48.    Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though

23  fully set forth herein.

24       49.    Plaintiff was subjected to adverse employment actions including, but not limited

25  to, demotion, reduction in pay, and termination. Plaintiff is informed and believes and thereon

26  alleges that such adverse employment actions were taken in retaliation for exercising Plaintiff's

27

28

1  rights, and/or Plaintiff's disabilities. Such conduct violates Government Code section 12945.2(1)

2  and other provisions of FEHA.

3       50.    As a proximate cause of Defendants' wrongful conduct as referenced above,

4  Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum

5  jurisdiction of the court and according to proof.

6       51.    As a further proximate result of Defendants' wrongful conduct as referenced

7  above, Plaintiff was required to and did seek medical attention, and will need to seek medical

8  attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of

9  the court and according to proof.

10       52.    As a further proximate result of Defendants' wrongful conduct as referenced

11  above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in

12  excess of the minimum jurisdiction of the court and according to proof.

13       53.    As a further proximate result of Defendants' wrongful conduct as referenced

14  above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according

15  to proof.

16       54.    The above-referenced actions of all Defendants were done with malice, fraud or

17  oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code §

18  3294 and in violation of the public policy of California. Specifically, Defendants discriminated

19  against Plaintiff because of her disability(s), thereby entitling Plaintiff to punitive damages.

20  **FIFTH CAUSE OF ACTION**

21  **(Failure to Take All Reasonable Steps to Prevent Discrimination, and/or Retaliation In**

22  **Violation of FEHA – Against All Defendants)**

23       55.    Plaintiffs hereby incorporate by reference all foregoing paragraphs of this

24  complaint as though fully set forth herein.

25       56.    Defendants failed to take all reasonable steps necessary to prevent the

26  aforementioned discrimination, and retaliation to which Plaintiff was subjected in violation of

27  California Government Code § 12940(k).

28

1        57.    The conduct and acts described herein were an ongoing part of a continuing

2  scheme and course of conduct. Defendants knew the substance of the above-described facts and

3  circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability

4  to prevent, remedy and/or correct these wrongs. Defendants have continued to ratify and refused

5  to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials knew

6  or reasonably should have known of the conduct and its unlawful motivations.

7        58.    As a proximate cause of Defendants' wrongful conduct as referenced above,

8  Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum

9  jurisdiction of the court and according to proof.

10       59.    As a further proximate result of Defendants' wrongful conduct as referenced

11  above, Plaintiff was required to and did seek medical attention, and will need to seek medical

12  attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of

13  the court and according to proof.

14       60.    As a further proximate result of Defendants' wrongful conduct as referenced

15  above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in

16  excess of the minimum jurisdiction of the court and according to proof.

17       61.    As a further proximate result of Defendants' wrongful conduct as referenced

18  above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum

19  according to proof.

20       62.    The above-referenced actions of all Defendants were done with malice, fraud or

21  oppression, and in reckless disregard of Plaintiffs' rights under FEHA, California Civil Code §

22  3294 and in violation of the public policy of California. Specifically, Defendants discriminated

23  against, and/or retaliated against Plaintiff because of Plaintiff's disability(s), thereby entitling

24  Plaintiff to punitive damages.

25       //

26       //

27       //

28

**Exhibit A-Page 15**

## SIXTH CAUSE OF ACTION

### (Violation of the California Family Rights Act – Against All Defendants)

63.     Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

64.     Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code §12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendants and worked in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month prior to Plaintiff requested and/or taken leaves. Further, Plaintiff had qualifying serious health conditions as described herein.

65.     The Defendants are employers covered by and subject to the California Family Rights Act (or other persons subject to suit under it) because Defendants employed fifty (50) or more full-or part-time employees for each working day of each of the twenty (20) calendar weeks preceding and following the leave periods.

66.     Defendants violated the California Family Rights Act by refusing to allow Plaintiff to take required leave without consequence, terminating Plaintiff because of protected absences, interfering with Plaintiff's right to leave, counting Plaintiff's legally-protected absences against Plaintiff for purposes of termination, otherwise discouraging Plaintiff from taking required leave and/or failing to advise Plaintiff about leave rights and procedures regarding the taking of protected leave.

67.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

68.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

69.    The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

70.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code §§12940, et seq.

## SEVENTH CAUSE OF ACTION

### (Retaliation in Violation of the California Family Rights Act – Against All Defendants)

71.    Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

72.    Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code § 12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendants and worked in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month period prior to Plaintiff's requested and/or taken leaves. Further, Plaintiff had qualifying serious health conditions as described herein.

73.    Defendants are employers covered by and subject to the California Family Rights Act (or other persons subject to suit under it) because Defendants employed fifty (50) or more full- or part-time employees for each working day of each of the twenty (20) calendar weeks preceding and following the leave periods.

74.    Defendants violated the California Family Rights Act by retaliating against Plaintiff because Plaintiff sought to exercise and/or did exercise rights under the California Family Rights Act, including, without limitation, Defendants terminated Plaintiff's employment in whole or in part because Plaintiff sought to exercise and/or did exercise rights under the California Family Rights Act.

75.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

76.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

77.     The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

78.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code §§12940, et seq.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code § 1102.5 – Against all Defendants)

79.     Plaintiff incorporate by reference and reallege the above paragraphs as though set forth fully herein.

80.     Cal. Labor Code § 1102.5 prohibits employers from discharging, constructively discharging, retaliating or in any manner discriminating against any employee for making any oral or written health and/or safety complaint, or complaint regarding working conditions, to a governmental agency, or their employer. Cal. Labor Code § 1102.5 further prohibits employers from retaliating against employees for refusing to participate in an activity that would violate a state or federal law or regulation or complaining about such.

//

//

81.     Defendants, and each of them, discharged Plaintiff's employment, and further discriminated against Plaintiff after she refused to participate in and reported the illegal activities as alleged above and complained about the activities as described above.

82.     Plaintiff is informed and believes, and thereon alleges that because of her refusing to participate in illegal activities and complaints as alleged above, Plaintiff was discharged from her employment and/or otherwise discriminated against by Defendants.

83.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will continue to suffer pain and mental anguish and emotional distress.

84.     Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits, whereby Plaintiff is entitled to general compensatory damages in amounts to be proven at trial.

85.     Defendants' actions constituted a willful violation of the above-mentioned state laws.  As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses related the loss of wages and is entitled to recover costs and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law and his respective damage amounts according to proof at time of trial.

86.     The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

87.     Defendants, through its officers, managing agents, employees and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

88.     Defendants committed the acts alleged herein by acting knowingly and willfully, with the wrongful and illegal deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to

1  recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according

2  to proof at time of trial, in addition to any other remedies and damages allowable by law.

3                          **NINTH CAUSE OF ACTION**

4              **(Violation of Labor Code § 6310 – Against All Defendants)**

5          89.    Plaintiff hereby incorporates by reference all foregoing paragraphs of this

6  complaint as though fully set forth.

7          90.    Cal. Labor Code § 6310 prohibits employers from discharging, constructively

8  discharging, retaliating or in any manner discriminating against any employee for making any

9  oral or written health and/or safety complaint, or complaint regarding working conditions, to an

10  governmental agency, or their employer.

11         91.    Plaintiff is informed and believes, and thereon alleges, that employers, as defined

12  in Cal. Labor Code § 6304, are prohibited from taking any actions described in Cal. Labor Code

13  § 6310 against any employees.

14         92.    Defendants, and each of them, discharged Plaintiff's employment, and further

15  discriminated against Plaintiff after Plaintiff made oral and/or written complaints regarding

16  health, safety and/or working conditions to Defendants, her employers, by and through their

17  agents and employees.

18         93.    Plaintiff is informed and believed, and thereon alleges that because of her making

19  complaints regarding health, safety and/or working conditions, and/or conduct of and to

20  Defendants, Plaintiff was discharged from her employment and/or otherwise discriminated and

21  retaliated against by Defendants.

22         94.    As a direct and proximate result of the actions of Defendants, Plaintiff has

23  suffered and will continue to suffer pain and mental anguish and emotional distress.

24         95.    Plaintiff has further suffered and will continue to suffer a loss of earnings and

25  other employment benefits, whereby Plaintiff is entitled to general compensatory damages in

26  amounts to be proven at trial.

27

28

**Exhibit A-Page  20**

96.     Defendants' actions constituted a willful violation of the above-mentioned state laws.  As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses related the loss of wages and are entitled to recover costs and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law and his respective damage amounts according to proof at time of trial.

97.     The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

98.     Defendants, through its officers, managing agents, employees and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial.

99.     Defendants committed the acts alleged herein by acting knowingly and willfully, with the wrongful and illegal deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial, in addition to any other remedies and damages allowable by law.

100.    As a proximate result of the actions and conduct described in the paragraphs above, which constitute violations of Cal. Labor Code Section 6310, Plaintiff has been damaged in an amount according to proof at the time of trial, and seeks civil penalties and attorney fees against Defendants pursuant to Cal. Labor Code Sections 2699 and 2699.3.

**TENTH CAUSE OF ACTION**

**(Violation of Labor Code § 98.6 - Against All Defendants)**

101.    Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth.

102.    Cal. Labor Code § 98.6 prohibits employers from retaliating, discriminating, or taking adverse action against an employee for exercising any right under the Labor Code, filing

1    or participating in a complaint with the California Division of Labor Standards Enforcement,

2    whistleblowing, or participating in a civil suit against an employer, among other activities.  Cal.

3    Labor Code § 98.6 further bars employers from retaliation because a worker has made an oral or

4    written complaints.

5           103.    Defendants, and each of them, retaliated against Plaintiff, and further

6    discriminated against Plaintiff after Plaintiff made oral and/or written complaints regarding the

7    numerous issues regarding the illegal activities as alleged above, and for further making

8    complaints regarding working conditions to Defendants as alleged above.

9           104.    Plaintiff is informed and believed, and thereon alleges that because of her making

10   complaints regarding the numerous issues regarding the illegal activities as alleged above, and

11   for further making complaints regarding working conditions to Defendants as alleged above,

12   Plaintiff was retaliated against as alleged above, and/or otherwise discriminated against by

13   Defendants.

14          105.    Defendants conduct as described above constitutes a violation of Labor Code §

15   98.6.

16          106.    As provided under Labor Code § 98.6(b), in addition to other remedies available,

17   an employer who violates this section is liable for a civil penalty not exceeding ten thousand

18   dollars ($10,000) per employee for each violation of this section, to be awarded to the employee

19   or employees who suffered the violation.

20          107.    As a direct and proximate result of the actions of Defendants, Plaintiff has

21   suffered and will continue to suffer pain and mental anguish and emotional distress.

22          108.    Plaintiff has further suffered and will continue to suffer a loss of earnings and

23   other employment benefits, whereby Plaintiff is entitled to general compensatory damages in

24   amounts to be proven at trial.

25          109.    Defendants' actions constituted a willful violation of the above-mentioned state

26   laws.  As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses related

27   the loss of wages and is entitled to recover costs and expenses and attorney's fees in seeking to

28

1   compel Defendants to fully perform their obligation under state law and her respective damage

2   amounts according to proof at time of trial.

3   **ELEVENTH CAUSE OF ACTION**

4   **(Wrongful Termination in Violation of Public Policy – Against All Defendants)**

5   110.   Plaintiff hereby incorporates by reference all foregoing paragraphs of this

6   complaint as though fully set forth herein.

7   111.   Plaintiff is informed and believes and thereon alleges, that Defendants, and each

8   of them, terminated Plaintiff in retaliation for being disabled, taking time off/medical leave

9   because of Plaintiff's injuries, Plaintiff's requests for accommodations, for Plaintiff's

10  complaints, and/or for other discriminatory reasons.

11  112.   Plaintiff is further informed and believes and thereon alleges that Defendants'

12  termination of Plaintiff violated Government Code § 12900 *et. seq.* and Article 1, Section 8 of

13  the California Constitution, both of which prohibit discrimination based upon physical injury

14  and/or medical treatment, and which consider physical injury discrimination to be a form of

15  disability discrimination.

16  113.   As a proximate cause of Defendants' wrongful conduct as referenced above,

17  Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum

18  jurisdiction of the court and according to proof.

19  114.   As a further proximate result of Defendants' wrongful conduct as referenced

20  above, Plaintiff was required to and did seek medical attention, and will need to seek medical

21  attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of

22  the court and according to proof.

23  115.   As a further proximate result of Defendants' wrongful conduct as referenced

24  above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in

25  excess of the minimum jurisdiction of the court and according to proof.

26  //

27  //

28

**Exhibit A-Page  23**

1    116.    As a further proximate result of Defendants' wrongful conduct as referenced

2    above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum

3    according to proof.

4    117.    The above-referenced actions of all Defendants were done with malice, fraud or

5    oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code §

6    3294 and in violation of the public policy of California.  Specifically, Defendants discriminated

7    Plaintiff because of her disability, leave, Plaintiff's complaints, and/or other protected categories,

8    thereby entitling Plaintiff to punitive damages.

9    **PRAYER FOR RELIEF**

10    **WHEREFORE**, Plaintiff prays for Judgment against Defendants, and each of them,

11    jointly and severally, as follows:

12    **AS TO FIRST, SECOND, THIRD, FOUTH, FIFTH, SIXTH, SEVENTH, EIGHTH,**

13    **NINTH, TENTH, AND ELEVENTH CAUSES OF ACTION**

14    a)  For general damages for pain and suffering according to proof;

15    b)  For damages for past and future medical expenses according to proof;

16    c)  For lost wages and other benefits according to proof;

17    d)  For reasonable attorneys' fees in an amount according to proof;

18    e)  For punitive damages in an amount according to proof;

19    f)  For prejudgment interest as provided by law;

20    g)  For costs of suit;

21    h)  For civil penalties, where appropriate; and

22    i)  For such other and further relief as the Court may deem proper.

23    **AS TO ALL CAUSES OF ACTION**

24    a)    An award of liquidated damages pursuant to Section 1194.2 of the California

25          Labor Code, including interest thereon;

26    b)    For general and compensatory damages;

27    c)    For attorneys' fees;

28

19
COMPLAINT

d)      For pre-judgment interest;

e)      For costs of the suit herein incurred;

f)      For civil penalties;

g)      For other such relief as the Court deems appropriate.

Dated: March 11, 2021                         **MOON & YANG, APC**

                                    By: _____
                                         Seung Yang
                                         Christopher Garcia
                                         Edwin Kamarzarian
                                         Attorneys for Plaintiff

**Exhibit A-Page  25**

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4     Dated: March 11, 2021                    **MOON & YANG, APC**

5

6                                        By: _____
                                              Seung Yang
7                                             Christopher Garcia
                                              Edwin Kamarzarian
8                                             Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically FILED by Superior Court of California, County of Los Angeles on 03/15/2021 01:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
21STCV10054

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GATE GOURMET, INC., a Delaware corporation; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALICIA NOEMI BAUTISTA DIAZ, an individual;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles<br><br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>21STCV10054 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Seung Yang, MOON & YANG APC, 1055 W. 7th Street, Suite 1880, Los Angeles, CA 90017 (213) 232-3128

| DATE: 03/15/2021<br>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by<br>*(Secretario)* R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

**Exhibit A-Page 27**

Electronically FILED by Superior Court of California, County of Los Angeles on 03/15/2021 01:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
21STCV10054

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Seung Yang (SBN249857) Christopher L. Garcia (SBN 306082)<br>MOON & YANG APC<br>1055 W. 7th Street, Suite 1880<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-232-3128    FAX NO.: 213-232-3125<br>ATTORNEY FOR *(Name):* Plaintiff: Alicia Noemi Bautista Diaz | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Diaz v. Gate Gourmet, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited**<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ **Counter** ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV10054<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☐ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*   11
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/15/2021

Seung Yang
_____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**Exhibit A–Page 28**

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) (*if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto*)
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

**Exhibit A-Page 29**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/15/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV10054 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Monica  Bachner | 71 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/16/2021
        (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**Exhibit A-Page  30**

<u>**INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES**</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

<u>**APPLICATION**</u>
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

<u>**PRIORITY OVER OTHER RULES**</u>
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

<u>**CHALLENGE TO ASSIGNED JUDGE**</u>
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

<u>**TIME STANDARDS**</u>
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

<u>**COMPLAINTS**</u>
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

<u>**CROSS-COMPLAINTS**</u>
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

<u>**STATUS CONFERENCE**</u>
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

<u>**FINAL STATUS CONFERENCE**</u>
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

<u>**SANCTIONS**</u>
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

<u>Class Actions</u>
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

<u>*Provisionally Complex Cases</u>
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**Exhibit A-Page  31**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Alicia Noemi Bautista Diaz

DEFENDANT:
Gate Gourmet, Inc.

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

03/16/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ D. Major _____ Deputy

### NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV10054

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 06/15/2021 | 8:30 AM | 71 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 2.27, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  03/16/2021

_____ Monica Bachner / Judge _____
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Seung Lyun Yang
1055 West 7th Street
Suite 1880
Los Angeles, CA 90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:  03/16/2021

By  D. Major
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

**Exhibit A-Page  32**

Electronically FILED by Superior Court of California, County of Los Angeles on 03/23/2021 12:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MOON & YANG, APC<br>Seung Yang, Esq. (SBN 249857); Christopher L. Garcia, Esq. (SBN 306082)<br>1055 West Seventh Street, Suite 188<br>Los Angeles, California 90017<br>TELEPHONE NO.: (213) 232-3128   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): seung.yang; chris.garcia@moonyanglaw.com<br>ATTORNEY FOR (Name): Plaintiff ALICIA NOEMI BAUTISTA DIAZ | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF/PETITIONER: ALICIA NOEMI BAUTISTA DIAZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GATE GOURMET, INC., a Delaware corporation | 21STCV10054 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>1934530SI |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Unlimited Civil Case; First Amended General Order; Voluntary Efficient Litigation Stipulations Packet
3. a. Party served *(specify name of party as shown on documents served):*
      GATE GOURMET, INC., a Delaware corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CSC Lawyer Incorporating Service, Agent by serving Koy Saechao, Customer Service Liaison
4. Address where the party was served:
   2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 03/17/2021   (2) at *(time):*  9:58 a.m.
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**Exhibit A-Page  33**

| PLAINTIFF/PETITIONER: ALICIA NOEMI BAUTISTA DIAZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GATE GOURMET, INC., a Delaware corporation | 21STCV10054 |

5.  c.  [ ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                   (2)  from *(city):*

    (3)  [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  [ ]  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

    [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  [ ]  as an individual defendant.
  b.  [ ]  as the person sued under the fictitious name of *(specify):*
  c.  [ ]  as occupant.
  d.  [✓]  On behalf of *(specify):*  GATE GOURMET, INC., a Delaware corporation
    under the following Code of Civil Procedure section:

    [✓]  416.10 (corporation)               [ ]  415.95 (business organization, form unknown)
    [ ]  416.20 (defunct corporation)         [ ]  416.60 (minor)
    [ ]  416.30 (joint stock company/association)   [ ]  416.70 (ward or conservatee)
    [ ]  416.40 (association or partnership)    [ ]  416.90 (authorized person)
    [ ]  416.50 (public entity)             [ ]  415.46 (occupant)
                                 [ ]  other:

7.  **Person who served papers**
  a.  Name:  Ashmeet Kirpal, Ace Attorney Service, Inc.
  b.  Address:  901 F Street, Suite 150, Sacramento, California 95814
  c.  Telephone number:  (916) 447-4000
  d.  **The fee** for service was:  $ 85.75
  e.  I am:
    (1)  [ ]  not a registered California process server.
    (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
    (3)  [✓]  a registered California process server:
      (i)  [ ]  owner  [✓]  employee  [ ]  independent contractor.
      (ii)  Registration No.: 2017-02
      (iii)  County:  SACRAMENTO

8.  [✓]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  March 22, 2021

ASHMEET KIRPAL
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶                    (SIGNATURE )

**Exhibit A-Page 34**

Electronically FILED by Superior Court of California, County of Los Angeles on 03/24/2021 10:18 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

1  Seung Yang (SBN 249857)
   E-mail: *seung.yang@moonyanglaw.com*
2  Christopher L. Garcia (SBN 306082)
   E-mail: *chris.garcia@moonyanglaw.com*
3  Edwin Kamarzarian (SBN 327830)
   E-mail: *edwin.kamarzarian@moonyanglaw.com*
4  **MOON & YANG, APC**
   1055 W. Seventh St., Suite 1880
5  Los Angeles, California 90017
   Telephone: (213) 232-3128
6
7  Attorneys for Plaintiff
   ALICIA NOEMI BAUTISTA DIAZ
8
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **FOR THE COUNTY OF LOS ANGELES**

11  ALICIA NOEMI BAUTISTA DIAZ, an          Case No.:  21STCV10054
    individual;
12                                          **PLAINTIFF'S NOTICE OF HEARING**
                        Plaintiff,
13
14         vs.

15
    GATE GOURMET, INC., a Delaware
16  corporation; and DOES 1 through 25,
    inclusive,
17
18                      Defendants.

19
20
21
22
23
24
25
26
27
28
                        PLAINTIFF'S NOTICE OF HEARING

1

2   **TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

3         PLEASE TAKE NOTICE that the above matter has been assigned for all purposes to

4   Judge Monica Bacher in Department 71 at the Los Angeles Superior Court. An initial Case

5   Conference is set for June 15, 2021 at 8:30 a.m. in Department 71. A true and correct copy of the

6   order is also attached hereto as "Exhibit A."

7

8   Dated: March 23, 2021                    **MOON & YANG, APC**

9

10                                 By: _____

11                                      Seung Yang

12                                      Christopher Garcia

13                                      Edwin Kamarzarian

                                      Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1

PLAINTIFF'S NOTICE OF HEARING

**Exhibit A-Page 36**

# EXHIBIT A

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:<br>Alicia Noemi Bautista Diaz

DEFENDANT:<br>Gate Gourmet, Inc.

**NOTICE OF CASE MANAGEMENT CONFERENCE**
</td><td>

Reserved for Clerk's File Stamp

**FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/16/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Major _____ Deputy

CASE NUMBER:<br>21STCV10054
</td></tr>
</table>

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept: |
|---|---|---|
| 06/15/2021 | 8:30 AM | 71 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated: ___03/16/2021___            _____<br>                                    Monica Bachner / Judge<br>                                    Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in ___Los Angeles___, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Seung Lyun Yang<br>1055 West 7th Street<br>Suite 1880<br>Los Angeles, CA 90017

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___03/16/2021___                    By ___D. Major___<br>                                              Deputy Clerk

LACIV 132 (Rev. 07/13)<br>LASC Approved 10-03<br>For Optional Use

**NOTICE OF<br>CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730<br>LASC Local Rules, Chapter Three

**Exhibit A-Page 38**

**PROOF OF SERVICE**

STATE OF CALIFORNIA                      )
                                         ) ss
COUNTY OF LOS ANGELES                    )

     I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 West Seventh Street, Suite 1880, Los Angeles, California 90017.  On March 24, 2021, I served the foregoing document described as:

**PLAINTIFF'S NOTICE OF HEARING**

  X_  by placing ___ the original  X_ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**GATE GOURMET, INC.**
CSC Lawyer Incorporating Service
2710 Gatewat Oaks Drive, Suite 150N
Sacramento, CA 95833

***Agent for Service of Process for Defendant Gate Gourmet, Inc.***

[✓]  **BY U.S. MAIL**:  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

X_  (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on March 24, 2021, at Los Angeles, California.


_Jessica Reyes Flores_____          _____
        Name                                              Signature

---

1
**PROOF OF SERVICE**

CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
KEVIN HA, CA Bar No. 322252
kevin.ha@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendant
GATE GOURMET, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES DIVISION

| | |
|---|---|
| ALICIA NOEMI BAUTISTA DIAZ, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>GATE GOURMET, INC., a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No. 21STCV10054<br><br>**DEFENDANT GATE GOURMET, INC.'S ANSWER TO PLAINTIFF ALICIA NOEMI BAUTISTA DIAZ'S UNVERIFIED COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Monica Bacher, Dept. 71]<br><br><br>Action Filed:     March 15, 2021<br>Trial Date:       None Set |

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**Exhibit A-Page  40**

Defendant Gate Gourmet, Inc. ("Defendant") hereby responds to the unverified Complaint (hereinafter "Complaint") brought by Plaintiff Alicia Noemi Bautista Diaz ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every purported allegation and cause of action contained in Plaintiff's Complaint, and further denies, generally and specifically, that Plaintiff is entitled to damages or to any other relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

1.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff's exclusive remedy for any alleged damages is governed by the California Workers' Compensation Act.  Cal. Lab. Code, §§ 3200 *et seq.*

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

2.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Contractual Remedies)

3.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust her contractual remedies.

### FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statute of limitations including, but not limited to, sections 335.1 and

**Exhibit A-Page  41**

338(a) of the California Code of Civil Procedure; sections 12960 and 12965 of the California Government Code; and any other applicable statutes.

### FIFTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

5. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the avoidable consequences doctrine, in that Defendant took reasonable steps to prevent and correct any alleged workplace discrimination and retaliation, Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided, and the reasonable use of Defendant's procedures would have prevented some or all of the alleged harm.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

6. Plaintiff is barred, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excused, and/or discharged, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Same Decision)

7. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because to the extent that Plaintiff can prove that any mixed motive discrimination or retaliation occurred (all of which Defendant denies), the same decision would have been made anyway for non-discriminatory or non-retaliatory reasons. Defendant herewith raises the "mixed motive" defense.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Laches)

8. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

9.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff has or has had unclean hands with respect to the matters alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Setoff, Offset, and/or Recoupment)**

10.     Defendant alleges that some or all of the purported causes of action in the Complaint are subject to setoff, offset, and/or recoupment.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

11.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff is estopped by her own acts, omissions, representations, and/or courses of conduct from asserting the causes of action upon which she seeks relief.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Privileged Conduct)**

12.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant was exercising its legal rights or protecting its economic interests, Defendant's conduct was lawful and consistent with community standards, and Defendant had a good faith belief that it had a legal right to engage in the conduct.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

13.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

14.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff consented to any and/or all of the conduct about which she now complains.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Standing)

15.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff lacks standing to assert some or all of the claims asserted and/or to seek some or all of the relief sought.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

16.     The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

17.     To the extent that any unlawful or other wrongful acts were committed by any person(s) employed by Defendant, such acts, if any, were outside the scope of their authority and were neither authorized, ratified, nor condoned by Defendant, nor did Defendant know or have reason to know of such conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory, Non-Retaliatory Reasons)

18.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant had legitimate, non-discriminatory, non-retaliatory reasons for its conduct toward Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Employment Would Have Ceased)

19.     The Complaint is barred, in whole or in part, because Plaintiff's employment would have ceased for non-discriminatory, non-retaliatory reasons regardless of any alleged California Family Rights Act ("CFRA") leave (if any).

/ / /

/ / /

/ / /

**Exhibit A-Page  44**

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Certification From Health Care Provider)**

20.     The Complaint is barred, in whole or in part, because Plaintiff never provided Defendant with a certification from a health care provider regarding Plaintiff's qualifying purpose for alleged leave (if any) under the California Family Rights Act, either within the time set by Defendant or as soon as reasonably possible.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Fitness For Duty Statement)**

21.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to provide a written statement from her healthcare provider that she was fit to return to work.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

22.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because accommodating Plaintiff's alleged disability would create an undue hardship to the operation of Defendant's business.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Health or Safety Risk)**

23.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff was unable to perform at least one essential job duty without endangering the health or safety of herself or others.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Preemption)**

24.     The Complaint, and each purported cause of action alleged therein, is preempted, in whole or in part, by federal law, including without limitation, by the Railway Labor Act.

/ / /

/ / /

/ / /

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## **RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES**

Because the Complaint is couched in broad and conclusory terms, and Defendant has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff, Defendant cannot fully anticipate all defenses that may be applicable to this action.  Accordingly the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays as follows:

1.      For entry of judgment in favor of Defendant and against Plaintiff;

2.      That Plaintiff take nothing by way of her Complaint;

3.      That Defendant be awarded costs of suit herein;

4.      That Defendant be awarded attorneys' fees incurred in defending this suit; and

5.      For such other and further relief as this Court may deem just and proper.


DATED:  April 15, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: _Cara Barrick_____
CARA F. BARRICK
KEVIN HA

Attorneys for Defendant
GATE GOURMET, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**Exhibit A-Page  46**

**PROOF OF SERVICE**
*Alicia Noemi Bautista Diaz v. Gate Gourmet, Inc.*
California Superior Court, County of Los Angeles
Case No. 21STCV10054

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made.  My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

On April 15, 2021, I served the following document(s):

- **DEFENDANT GATE GOURMET, INC.'S ANSWER TO PLAINTIFF ALICIA NOEMI BAUTISTA DIAZ'S UNVERIFIED COMPLAINT**

by the method indicated below:

| | |
|---|---|
| Seung Yang | Attorneys for Plaintiff |
| Christopher L. Garcia | Alicia Noemi Bautista Diaz |
| Edwin Kamarzarian | |
| MOON & YANG, APC | |
| 1055 W. Seventh St., Suite 1880 | |
| Los Angeles, CA  90017 | |
| Tel:      (213) 232-3128 | |
| E-Mail:  seung.yang@moonyanglaw.com | |
|          chris.garcia@moonyanglaw.com | |
|          edwin.kamarzarian@moonyanglaw.com | |

☒    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 15, 2021 at San Francisco, CA.

_____
Brandilynn Thomas

**Exhibit A-Page  47**